IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORIGINAL

| | | |
|---|---|---|
| SHAWN PECORE | ) | 05-743 |
| Plaintiff | ) CIVIL ACTION NO. _____ |
| v. | ) |
| INTERNATIONAL PRECIOUS MINERALS GROUP, INC. | ) |
| Defendant | ) |

COMPLAINT

1. Plaintiff, Shawn Pecore, is a shareholder of International Precious Minerals Group, Inc. ("IPMG") and currently owns 25,750,000 shares of IPMG ("the Shares") through bare trustees of Marble Resources Inc. ("Marble") and Cypress River Management Corp. ("Cypress").

2. The Shares were duly and validly issued are fully paid and non-assessable and free and clear of all liens and encumbrances.

3. Defendant, International Precious Minerals Group, Inc. ("IPMG") is a duly formed corporation under the laws of the state of Delaware with a registered agent of National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware in the county of Kent. The President of the Defendant is Brian Robertson ("Robertson").

4. In contemplation of selling some or all of the shares, Plaintiff had deposited some of the Shares with Penson Financial, Inc. and with Computer Clearing Services, Inc..

5. On or about July 15, 2005, Robertson faxed a letter to Penson Financial, Inc. instructing them to place an administrative hold on the Shares for 120 days. The so-

called "administrative hold" was in effect a stop transfer order in direct violation of the unrestricted share certificates and in contravention of the law regarding the free transfer of unrestricted shares.

6. On July 20, 2005, Robertson faxed the same letter to Computer Clearing Services Inc. to attempt to place an administrative hold for 120 days on some of the Shares placed by the Plaintiff. Again, the so-called "administrative hold" was in effect a stop transfer order in direct violation of the unrestricted share certificates and in contravention of the law regarding the free transfer of unrestricted shares.

7. On July 21, 2005, Plaintiff demanded written explanation from Robertson and IPMG as to the reasons and the basis upon which they believed it had any authority to place any hold on the transfer of the shares.

8. On July 22. 2005, Robertson, refused verbally to provide such a written explanation citing that the Plaintiff did not have the right to request for such a written explanation.

9. On July 22, 2005, Capital Transfer Agency Inc. ("Capital Transfer"), IPMG's stock transfer agent, received some of the Shares to be transferred to CEDE & Co.. However, on or about July 20, 2005, the Defendant instructed Capital Transfer to place an administrative hold on the transfer of said Shares for 120 days. Furthermore, the Plaintiff also tried to remove the restrictive legend on the certificates of the Shares with a legal opinion but was also denied by Capital Transfer.

10. On July 25, 2005, Capital Transfer requested a written explanation from Defendant on the administrative hold and informed Defendant it would have to obtain a court Injunction by August 15, 2005 to prevent the transfer of the Shares.

11. Robertson has refused to provide a written and/or verbal explanation of the administrative hold to the Plaintiff or Capital Transfer.

12. On or about July 26, 2005, Robertson threatened severe legal action against Capital Transfer if Capital Transfer transferred any of Plaintiff's Shares citing that it would be detrimental to the stock price of IPMG.

13. Because Capital Transfer had a legal duty to transfer the Shares without a court injunction to prohibit said transfer and because Robertson and IPMG's action was in direct contravention of law and therefore no injunction would issue, on or about August 8, 2005, IPMG changed transfer agents to Select Fidelity Transfer Services Limited ("Select Fidelity") in a malicious attempt to stop the legal transfer of said Shares continuing to damage Plaintiff in contravention of extant law.

14. Robertson and IPMG either with malice of forethought or through extreme arrogance participated in this illegal behavior solely for the purposes of injuring Plaintiff.

15. Because Plaintiff has been unable to transfer its Stock, it has been unable to sell or pledge stock. Business and investment opportunities have been lost. The Plaintiff continues to be unsuccessful in the transfer of the Shares with Select Fidelity.

16. Robertson and IPMG have allowed other transfers to occur since July 15, 2005 and has made no attempt to administratively stop said transfers and/or allowed the removal of trade restriction legends.

17. Robertson and IPMG allow other shares of IPMG to be transferred, they and their associates have enjoyed the benefit of monies or services generated. Such services include touting IPMG to cause a higher stock price and more liquidity.

18. On April 30, 2005, Neil Robertson sold shares of Sierra Diamond Corporation ("Sierra Diamond") to the Plaintiff. These shares of Sierra Diamond were converted to shares of IPMG under a share exchange agreement and comprise of the Shares held by the bare trustees of Marble and Cypress. Neil Robertson's shares and the Shares were duly and validly issued are fully paid and non-assessable and are free and clear of all liens and encumbrances. Furthermore, both shares have the same free trading status and/or potential free trading status with an appropriate legal opinion. Thus, if

the Shares are to restricted or have an administrative hold then all of Neil Robertson's shares would have to be restricted or have an administrative hold them as well.

19. Robertson and IPMG has acted in bad faith, has committed stock manipulation, has failed to provide proper fiducial responsibility as a director of a public company to its shareholders, and has committed stock fraud with malice of forethought or with complete arrogance of the law.

Wherefore Plaintiff requests that the court:

a. Grant an interim order and final judgment against IPMG and/or their Transfer Agents to remove all administrative holds and restrictive legends immediately on the Shares;

b. Grant an interim order requiring IPMG, financial institutions, Depository Trust Corporation, CDS Inc., and/or their Transfer Agents to restrict all shares of Neil Robertson and/or shares derived from Neil Robertson's shares of Sierra Diamond given to nominees or sold to other shareholders prior or after to the share exchange between Sierra Diamond and IPMG to be restricted from trading if such interim relief is not granted to remove all administrative holds and restrictive legends on the Plaintiff's Shares;

c. Grant an interim order for IPMG to supply all stock transfer, bank records, administrative records, interim financial statements of IPMG including any documentation to and from the SEC, Capital Transfer, and Select Fidelity and/or any other future stock transfer agent it may chose to use;

d. Grant an interim order against IPMG from dissipating and/or diluting their assets or stock base to defeat a successful judgment granted to the Plaintiff;

e. Grant judgment against IPMG for the greater of $1,000,000 or the fair market value of the Plaintiff's IPMG Shares at time of judgment in actual damages;

f. Grant judgment against IPMG for the greater of $5,000,000 or twice the fair market value of the Plaintiff's IPMG Shares in punitive damages;

g. Grant judgment IPMG for any other damages that may be proven at trial; and

h. That Plaintiff recovers his costs in this mater

October 14, 2005                    Respectfully Submitted,

_____

**Shawn Pecore (Plaintiff)**

110 Oakridge Drive
Toronto, ON, Canada, M1M 2A4
Phone: (416) 907-1040
Fax: (416) 266-4014